IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN D. CHASE, #306-135,        :
               Petitioner        :
                            :
     v.                    :   CIVIL ACTION NO. CCB-05-1743
                            :
STATE OF MARYLAND and      :
THE ATTORNEY GENERAL OF THE  :
    STATE OF MARYLAND,     :
            Respondents    :

## MEMORANDUM

Now before the Court is the petition for habeas corpus relief filed by Maryland prisoner

Kevin D. Chase (Paper No. 1), Respondents' Answer and Supplement thereto (Paper Nos. 4 and

8), and Petitioner's Replies.  (Paper Nos. 7 and 11).  After review of these papers, the Court

finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in*

*the United States District Courts; see also* 28 U.S.C. Section 2254(e)(2).  For the reasons that

follow, the petition is dismissed and relief denied.

## Procedural History

On January 10, 2002, petitioner entered an *Alford*[1] plea in the Circuit Court for Baltimore

City to two counts of first degree assault and one count of use of a handgun in the commission of

a crime of violence.  Petitioner was sentenced to twenty-five years incarceration with all but twenty-

two and one-half years suspended.[2]  (Paper No. 4, Exhibit 1 and Exhibit 2 at 35-37).

Petitioner sought leave to appeal the entry of the plea, alleging that the plea was not knowing

---

[1]     Under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a defendant may voluntarily, knowingly, and understandingly consent to imposition of a sentence even if he or she is unwilling or unable to admit partici-pating in the crime.

[2]     Petitioner received a concurrent term of twenty-five years incarceration on the other assault conviction and a concurrent term of twenty years incarceration, the first five without parole, on the handgun conviction.

and voluntary based on the ineffective assistance of trial counsel.  (*Id*., Exhibit 3).  On October 22,

2002, the Court of Special Appeals of Maryland summarily denied leave to appeal in an unreported

opinion.  (*Id*., Exhibit 4).

In this habeas corpus action, his first in federal court, petitioner asserts that:

1.      His guilty plea violated Maryland Rule 4-242 because he "had questions about the
        nature of the offense;" and

2.      Trial counsel was ineffective because he failed to investigate the lost photo array.

(Paper No. 1 at 6).

## Threshold Considerations

### Statute of Limitations

Respondents do not contend -- and the court does not find -- that the petition is time-

barred pursuant to 28 U.S.C. §2244(d).

### Cognizability

Habeas corpus relief on behalf of a person in state custody is only available on grounds that

he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28

U.S.C. § 2254(a).  Petitioner's argument concerning a violation of the Maryland rule rests on state

law and thus is not a cognizable ground for federal habeas corpus relief.  *See* 28 U.S.C. §2254(a);

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Spencer*

*v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994).  His underlying argument concerning the

voluntariness of the plea, however, does state a cognizable constitutional claim.

### Procedural Default and Exhaustion

Respondents do not contend – and the court does not find – that the remaining claim of

ineffective assistance of counsel is unexhausted or subject to the procedural default doctrine.

## Standard of Review

Because this Petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001).   AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law.  *See Bell v. Cone*, 535 U.S. 685, 693 (2002).  Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in our cases."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).[3]

Here, the state court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984) as the case

---

[3]      Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor,* 529 at 412-413.  A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court  identifies the correct  governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

governing the claim.  Section 2254(d) also requires federal courts to give great deference to a state

court's factual findings.  *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Section 2254(e)(1)

provides that a determination of a factual issue made by a state court shall be presumed to be correct

absent clear and convincing evidence to the contrary.   Petitioner has the burden of rebutting the

presumption of correctness.  A decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless objectively unreasonable in

light of the evidence presented in the state court proceeding.  *See Miller-El v. Cockrell*, 537 U.S.

322, 340 (2003).

### Voluntariness of Plea

The Supreme Court has held that a guilty plea must be the informed and intelligent decision

of the criminal defendant, *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969), given the alternative

courses of action open to him.  *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  As noted

herein, petitioner, who had a lengthy adult criminal conviction history, accepted the plea in light of

persuasive evidence of guilt after substantial negotiations between the State and the defense and

after exploring various options available to him.  *See* Paper No. 4, Ex. 2 at 20-34; Ex. 6 and 2-3.

H e was thoroughly questioned at the plea proceeding and agreed that his counsel has explained the

nature of the offenses to him.  *Id.*, Ex. 2 at 27.  His 'one question' related to the photo array.  *Id.* at

27-28.  Thus, the state court determination that his plea was voluntary will be upheld here.

### Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466

U.S. 668 (1984), a convicted defendant must demonstrate that counsel's performance (1) "fell below

an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced

the defendant. *Id*. at 688, 692. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. The ultimate focus of the *Strickland* inquiry is on the "fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696.

In evaluating whether counsel's performance fell below an objective standard of reasonableness, a court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688. In its analysis, a court must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted). A court must not use the benefit of hindsight to second-guess strategic decisions made by counsel unless they were unreasonable. *See id*. at 690.

With regard to the prejudice prong of *Strickland*, a defendant need not demonstrate that the outcome of the proceeding would have been different, but rather that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Using this framework, the  undersigned now examines petitioner's claim of ineffective assistance of counsel.

Petitioner claims that trial counsel was ineffective because he "never investigated lost photo-

array to support advi[c]e."  (Paper No. 1 at 6).  The post conviction court examined this claim

pursuant to the dictates of *Strickland* and rejected it:

> In order to make certain that the correct individual had been apprehended, the victim in this case had been shown a photo array in which he identified the [p]etitioner as having committed the crime.  Shortly thereafter, due to unforeseen reasons, the photo array had been lost.
>
> Trial counsel testified that he advised the [p]etitioner of the lost photo array and told him that although a Motion to Suppress the lost photo array would probably be successful, the in-court identification by the victim would most likely be permitted in the case.  He further asserts that after talking to his colleagues and performing independent legal research, he felt that success on the merits of the case would be unlikely.  His reasons for advising such pointed directly to the state's evidence which consisted of; proof that the vehicle in question was registered to the [p]etitioner, the [p]etitioner's fingerprints were located inside of said vehicle, injuries consistent with those alleged to have occurred during the attempted police apprehension were sustained by the [p]etitioner and an in-court identification by the victim would most likely be permitted in this case.  The consequences of going to trial and losing might be life plus twenty years.  The plea was for considerably less amount of time; twenty-two and one-half years total.
>
> Trial counsel further asserts that pursuant to the [p]etitioner's requests, he requested a hearing on the Motions to Suppress the lost photo array from the state and the state suggested that if such a Motion were to go forth, the state's offer would be rescinded.  Just prior to the guilty plea, trial counsel again requested that the victim perform a perfunctory in-court identification of the [p]etitioner and the state refused to do so in an effort to protect the victim.  The [p]etitioner alleges that once he was aware of the state's refusal to grant him the in-court identification, he agreed to plead guilty because, "he did not want life."
>
> With regard to the first requirement of *Strickland*, the [p]etitioner has provided no evidence that counsel's performance was deficient.  Trial counsel had been employed as an Assistant Public Defender since 1994 and been assigned to the felony division since 1997, approximately three years prior to representing the [p]etitioner.
>
> When questioned as to his preparation prior to advising the [p]etitioner, trial counsel provided the court with an extensive case file concerning the [p]etitioner in which several cases involving the suppression of evidence from Maryland as well as other jurisdictions had been produced.  He had further secured an expert, a medical doctor from Pennsylvania to examine the [p]etitioner's injuries and had been

advised by the expert that such injuries were consistent with the state's allegations. Faced with these factors, trial counsel advised the [p]etitioner as best he could.  It is clear that trial counsel sufficiently researched the possible outcomes for the [p]etitioner regarding this issue and this Court finds that counsel's performance was not deficient.  Rather, this Court finds that trial counsel ably, conscientioiusly and skill-fully represented the [p]etitioner and in this Court's opinion provided the [p]etitioner with excellent legal advice in taking the plea.

Assuming, however, that such deficiency did exist, [p]etitioner has not addressed the second requirement of *Strickland* in that such deficiency prejudiced his defense....The [p]etitioner stated in no uncertain [terms] that he did not want to receive a life sentence had he been convicted and this is the reason he pled guilty. Moreover, the [p]etitioner had consulted private counsel who had advised the [p]etitioner with a similar opinion as trial counsel had with regard to accepting the guilty plea.  The [p]etitioner therefore, weighed his options and made an independent choice absent any prejudice.  That he is unhappy with the results does not mandate granting the [p]etitioner another trial.

(Paper No. 4, Exhibit 6 at 4-6).

These findings by the post conviction court are reasonable and fully supported by the record, and will not be disturbed here.  *See* 28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas corpus relief.  A separate Order will be entered in accordance with this Memorandum.

|  |  |
|---|---|
|   March 17, 2006   | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |

-7-